IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BENJAMIN HAYFORD,**

**Plaintiff,**

v.                                                                          CASE NO. 23-3011-JWL

**FEDERAL BUREAU OF
PRISONS, et al.,**

**Defendants.**

## MEMORANDUM AND ORDER

Plaintiff proceeds pro se in this civil rights case brought under 28 U.S.C. § 1331. Plaintiff has paid the filing fee. At the time of filing, Plaintiff listed his address as the Turley Correctional Center in Tulsa, Oklahoma, but has since been released from custody.[1]

Plaintiff alleges that he was confined at the Federal Prison Camp at the United States Penitentiary in Leavenworth, Kansas ("USPL") from January 20, 2021, through February 8, 2022, and was confined at the Turley Residential Center in Tulsa, Oklahoma, from February 8, 2022, through April 29, 2022. (Doc. 1, at 3.) Plaintiff's claims relate to his incarceration at USPL.

On February 10, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 3) ("MOSC"), ordering Plaintiff to show good cause why his Complaint should not be dismissed due to the deficiencies set forth in the MOSC. This matter is before the Court on Plaintiff's response (Doc. 8). The Court's screening standards are set forth in detail in the MOSC.

Plaintiff alleges that "prison officials" at USPL prevented him from wearing his religious clothing for 191 days; prevented him from participating in weekly religious communal services for five weeks while in segregation for 31 days; prevented Plaintiff from meeting with clergy and

---

[1] *See* Doc. 7 (Notice of Change of Address); *see also* https://www.bop.gov/inmateloc/ (the BOP website shows Plaintiff released as of February 28, 2023) (last visited May 12, 2023).

1

religious volunteers for 55 weeks; and kept Plaintiff from receiving and using two BOP pre-approved Church magazines for 19 weeks. *Id*. at 3–4. Plaintiff alleges that the prison officials' actions caused him to sustain "emotional injuries, including mental anguish suffered from the entire episode." *Id*. at 4; *see also* Doc. 1–2, at 4 ("these offenses directly caused me emotional injuries, including mental anguish suffered from the entire episode"). Plaintiff alleges that he presented his claims through the administrative remedies procedures to Warden Hudson, and did not receive a response. *Id*. at 6. He also expressed his concerns to Chaplains Dale Sutton and (fnu) Presser, and Dr. Carpenter and Dr. Brian Vo. (Doc. 1, at 6.)

Plaintiff alleges violations of: his First Amendment free exercise rights; his Fourteenth Amendment liberty rights; the Religious Freedom Restoration Act ("RFRA"); the Religious Land Use and Institutionalized Persons Act ("RLUIPA"); and the International Covenant on Civil and Political Rights ("ICCPR"). *Id*. at 3. Plaintiff also alleges that he is bringing this action under the Federal Torts Claim Act ("FTCA"). *Id*. at 5.

Plaintiff names the Federal Bureau of Prisons ("BOP") and the U.S. Department of Justice as the sole defendants. Plaintiff seeks a declaratory judgment, compensatory damages in the amount of $920,652, 592.00, and his attorneys' fees.[2] *Id*. Plaintiff states that "[t]he wrongs alleged in this complaint are not occurring at the present time." *Id*.

## II. DISCUSSION

The Court found in the MOSC that: Plaintiff provides no support for a claim under 42 U.S.C. § 1983 because none of the defendants acted under color of state law; Plaintiff has not shown that a *Bivens* remedy is available for his First and Fourteenth Amendment claims; the

---

[2] Plaintiff seeks attorneys' fees as relief. However, Plaintiff, as a party proceeding pro se, is not entitled to such relief as he has not incurred such fees. *See Robertson v. Biby*, 719 F. App'x 802, 805 (10th Cir. 2017) (unpublished) (citing *Kay v. Ehrler*, 499 U.S. 432, 435 (1991); *Turman v. Tuttle*, 711 F.2d 148, 149 (10th Cir. 1983 (per curiam)).

2

ICCPR is not privately enforceable; any request for injunctive relief in this case is denied as moot because he is no longer housed at USPL and has acknowledged that "[t]he wrongs alleged in this complaint are not occurring at the present time";[3] and regarding a claim under the FTCA, Plaintiff failed to allege facts establishing that he exhausted the administrative tort claim remedy in a proper and timely manner prior to filing this action. Plaintiff's response fails to address any of these findings.

The Court found in the MOSC that the Defendants are entitled to sovereign immunity from money damages and any official capacity claims against federal officials would also be subject to dismissal. *See Peterson v. Timme*, 621 F. App'x 536, 541 (10th Cir. 2015) (unpublished) (finding that a suit against a federal official in his official capacity is actually a suit against the sovereign—the United States—and is barred by sovereign immunity) (citations omitted); *see also Hale v. FBOP*, 759 F. App'x 741, at n.4 (10th Cir. 2019) ("RFRA does not waive the federal government's sovereign immunity from damages.") (citing *Davila v. Gladden*, 777 F.3d 1198, 1210 (11th Cir. 2015); *Oklevueha Native Am. Church of Haw., Inc. v. Holder*, 676 F.3d 829, 840-41 (9th Cir. 2012); *Webman v. Fed. Bureau of Prisons*, 441 F.3d 1022, 1026 (D.C. Cir. 2006); *The Cherokee Nation West v. U.S. Army Corps of Engineers*, 2016 WL 4548441, at *4 (N.D. Okla. Aug. 31, 2016) ("[N]either RFRA nor RLUIPA include waivers of the federal government's sovereign immunity for actions requesting money damages.") (citing *see United States v. Dillard*, 884 F. Supp. 2d 1177, 1182 (D. Kan. 2012), *aff'd,* 795 F.3d 1191 (10th Cir. 2015) (no waiver of federal

---

[3] Likewise, Plaintiff "cannot maintain a declaratory action unless he shows that the constitutional violation is ongoing, or he has a 'good chance' of suffering the same injury in the future." *McKillip v. Norwood*, 2022 WL 17069582, at *2 (10th Cir. 2022) (unpublished) (citing *Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997) (quoting *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by statute on other grounds*, 42 U.S.C. § 1981a); *Jordan v. Wiley*, 477 F. App'x 525, 530 (10th Cir. 2012) (unpublished)). A plaintiff's "interest in declaratory relief must be more than 'simply the satisfaction of a declaration that [he] was wronged.'" *McKillip*, 2022 WL 17069582, at *2 (citing *Green*, 108 F.3d at 1300 (quoting *Cox*, 43 F.3d at 1348)). Plaintiff has been released from custody and has acknowledged that the wrongs alleged in his complaint are not occurring at the present time.

government's sovereign immunity for monetary damages claims under RFRA or RLUIPA)).

Plaintiff does not dispute that sovereign immunity apples, but rather argues that he is "formally request[ing] the Government act in the interests of justice and unequivocally waive sovereign immunity in this matter, allowing a jury trial." (Doc. 8, at 3.)  Plaintiff also argues that "[g]iven the Government is always the more powerful party in any matter brought before the Courts, the Government does not require, nor should it enjoy, further protection from this Court in the form of preemptive dismissal on the basis of presumed sovereign immunity." *Id*. at 4.

The Court rejects Plaintiff's argument that he can obtain a waiver of sovereign immunity from the Defendants for this case.  "Congress alone has the power to waive sovereign immunity and such waivers must be unequivocally expressed and strictly construed in favor of the United States." *Federal Trade Comm'n v. Apply Knowledge, LLC*, 2015 WL 12780893, at *1 (D. Utah 2015) (noting the waiver of the United States' sovereign immunity under the FTCA).  "A party suing the United States, its agencies or officers, must allege both a basis for the court's jurisdiction and a specific statute containing a waiver of the government's immunity from suit.  Any waiver of sovereign immunity must be '**unequivocally expressed in statutory text**,' and courts must strictly construe any such waiver in favor of the United States." *Good v. United States Dep't of Ed.*, 2022 WL 2191758, at *6 (D. Kan. 2022) (citations omitted) (emphasis added).

Plaintiff proposes in his response that he would like to amend to add individuals from USPL as defendants.  (Doc. 8, at 1.) [4]  He alleges that these individuals acted in their official and personal capacity.  *Id*.  He claims that these individuals violated Plaintiff's rights under the First and Fourteenth Amendments; RFRA; RLUIPA; and the ICCPR.  *Id*. at 2–3.  However, Plaintiff

---

[4] Because the Court finds that adding the individuals as defendants would be futile, the Court need not address Plaintiff's arguments in his response as to why these defendants should not enjoy qualified immunity.  *See* Doc. 8, at 4–6.

4

fails to address the Court's finding that a *Bivens* remedy is unavailable for his First and Fourteenth Amendment claims, even if Plaintiff were to assert individual-capacity claims.

Plaintiff has also failed to address the Court's finding that the ICCPR is not privately enforceable. *Dutton v. Warden, FCI Estill*, 37 F. App'x 51, 53 (4th Cir. 2002) (stating that to be privately enforceable a treaty must either be self-executing or Congress must have passed implementing legislation and the ICCPR is not self-executing, nor has it been implemented by Congress) (citations omitted). "As a non-self-executing treaty, the ICCPR '[does] not itself create obligations enforceable in the federal courts.'" *United States v. Rafle*, 2012 WL 1424438, at *9 (S.D. Ind. April 23, 2012) (quoting *Sosa v. Alvarez-Machain*, 542 U.S. 692, 735 (2004)). The Senate declaration "clarify[ies] that the Covenant will not create a private cause of action in U.S. courts." *Id*. at n. 2 (quoting United States: Senate Committee on Foreign Relations Report on the International Covenant on Civil and Political Rights, 31 I.L.M. 645, 657 (1992)).

The Court noted in the MOSC that a claim under RFRA and RLUIPA[5] for money damages against individuals in their individual capacities is permissible. The Court noted that although the Supreme Court has held that damages claims are permissible in individual-capacity suits under RFRA, Plaintiff has not brought individual-capacity claims in this case. *See Tanzin v. Tanvir*, 141

---

[5] Under RLUIPA, " 'government' is defined as 'a State, county, municipality, or other governmental entity created under the authority of a state,' and 'any branch, department, agency, instrumentality or official,' thereof, and 'any other person acting under color of State law.'" *Rogers v. U.S.*, 696 F. Supp. 2d 472, 486 (W.D. Pa. 2010) (citing 42 U.S.C. §2000cc-5(4)). "Accordingly, federal courts have held that RLUIPA 'only applies to state and local governments, not a federal prison.'" *Id*. (citing *Pineda–Morales v. DeRosa,* 2005 WL 1607276, at *4 (D.N.J. 2005); *see also Navajo Nation v. U.S. Forest Service,* 535 F.3d 1058 (9th Cir.2008)). "However, RLUIPA's provision allowing a plaintiff to assert a violation of RLUIPA as a claim or defense in a judicial proceeding does not apply to the federal government." *Asher v. USDOJ*, 2017 WL 4286598, at *2 (D. S.C. 2017) (citing *see* 42 U.S.C. § 2000cc-5(4)(B); *Navajo Nation v. U.S. Forest Serv.,* 535 F.3d 1058, 1077 (9th Cir. 2008) ("RLUIPA, by its terms, prohibits only state and local governments from applying regulations that govern land use or institutionalized persons to impose a "substantial burden" on the exercise of religion."); *see also Garraway v. Lappin*, 490 F. App'x 440, 443 n.2 (3d Cir. 2012) (finding district court properly dismissed the plaintiff's RLUIPA claims because RLUIPA does not apply to federal government action); *Rogers v. United States*, 696 F. Supp. 2d 472, 486 (W.D. Penn. 2010)); *see also Hasbajrami v. Hill*, 2022 WL 486617, at n. 2 (W.D. Pa. 2022) ("RLUIPA does not apply to employees of federal prisons.") (citations omitted).

S. Ct. 486, 489–93 (2020) ("We conclude that RFRA's express remedies provision permits litigants, when appropriate, to obtain money damages against federal officials in their individual capacities.")  Individuals do not enjoy sovereign immunity.  *Id*. at 493.

However, even if Plaintiff added individual-capacity claims, he would not be entitled to relief.  The Court noted in the MOSC that the plaintiffs in *Tanzin* were not prisoners.  Therefore, 42 U.S.C. § 1997e(e)'s physical injury requirement was not applicable.  The Court found in the MOSC that Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury.  Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *see also Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) (applying § 1997e(a) to First Amendment claim and finding that "[t]he statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional.") (citation omitted); *see also Massingill v. Livingston*, 277 F. App'x 491, 492–93 (5th Cir. 2008) (rejecting claim that district court erred in relying on § 1997e(e) to dismiss plaintiff's First Amendment and RLUIPA claims); *Godbey v. Wilson*, 2014 WL 794274, at *7 (E.D. Va. 2014) (citing § 1997e(e) and finding that "plaintiff's attempt to recover damages under RFRA and *Bivens* fail[s] because he is an incarcerated felon and has not alleged that he suffered any physical injury as the result of the conduct he challenges") (citing *see Tsosie v. Garrett,* 409 Fed. App'x 262, 263 (11th Cir. Nov. 29, 2010) (affirming dismissal of prisoner's *Bivens* claims where he failed to allege physical injury, as required by § 1997e(e)), *cert. denied,* 132 S. Ct. 466 (2011)).

Plaintiff argues in his response that he suffered "physical pain and illness."  (Doc. 8, at 6.)  He alleges that his "pre-existing medical conditions worsened while in custody as a direct result

of Defendant's unlawful actions." *Id*. at 6–7.  Plaintiff claims that "[t]hese conditions include physical, such as asthma, eczema, hypercholesterolemia, hypertension, and severe peripheral edema." *Id*. at 7.  Plaintiff alleges that "[p]hysical pain and illness were sustained, as well as mental suffering, anger, apprehension, embarrassment, fright, grief, humiliation, inconvenience, indignity, loss of enjoyment of life, loss of quality of life, mortificat[i]on, nervousness, ordeal, shock, and terror caused by the Defendants' actions detailed in Counts 1–4." *Id*.

Although the Tenth Circuit has not decided the issue, it has noted that although § 1997e(e) requires only a "physical injury" without a set threshold of degree or severity, "so far, all seven circuits to address the issue have required plaintiffs to show more than a de minimis physical injury to recover for a mental or emotional injury." *Johnson v. Reyna*, 57 F.4th 769, 776–77 (10th Cir. 2023) (citing *Siglar v. Hightower*, 112 F.3d 191, 193–94 (5th Cir. 1997); *Liner v. Goord*, 196 F.3d 132, 135 (2d Cir. 1999); *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002); *777 Mitchell v. Horn*, 318 F.3d 523, 535–36 (3d Cir. 2003); *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010) (collecting cases); *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) (citations omitted); *McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) (citation omitted)).  The Tenth Circuit in *Johnson* noted that:

> Courts that require more than a de minimis injury to satisfy § 1997e(e)'s physical-injury requirement look to the duration and intensity of the injury and whether the plaintiff required medical treatment to decide whether the injury is more than de minimis. *See, e.g.*, *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999). These courts consider some injuries de minimis, such as "a sore, bruised ear lasting for three days," *Siglar*, 112 F.3d at 193, or a few days of an upset stomach, minor cuts, and itchiness, *Wallace v. Coffee County*, 852 F. App'x 871, 878 (6th Cir. 2021) (collecting cases). And they consider as de minimis injuries some ailments like headaches, cramps, nosebleeds, dizziness, and weight loss. *McAdoo*, 899 F.3d at 525–26 (citations omitted). But when an injury lasts longer, causes more pain, and requires medical treatment, courts are more likely to find that the physical injury supports a claim for

7

> mental or emotional injuries under § 1997e(e). *See Gomez*, 163 F.3d at 924. For example, in *Gomez*, the Fifth Circuit held that the plaintiff suffered more than a de minimis injury when he endured "cuts, scrapes, [and] contusions to the face, head, and body" that required medical treatment after prison officers kicked and punched him for about five minutes. *Id.* at 924–25.

*Johnson*, 57 F.4th at 777; *see also Quinlan v. Personal Trans. Servs. Co.*, 329 F. App'x 246, 248-49 (11th Cir. 2009) (finding no physical injury where plaintiff alleged temporary chest pain, headache, difficulty breathing and periodic episodes of back pain, but "none of these things required immediate medical attention or evidence physical injury besides discomfort").

In this case, Plaintiff merely asserts, without any factual support, that his pre-existing conditions were worsened. Plaintiff provides no factual support for his allegation that he believes these conditions worsened based on his failure to freely exercise his religion. In *Dixon v. Toole*, the prisoner alleged that sleeping on a concrete platform aggravated his preexisting injuries and exposure to another inmate resulted in his contracting Hepatitis–C. *Dixon v. Toole*, 225 F. App'x 797, 799 (11th Cir. 2007). The court found that he did not surmount § 1997e's bar because he failed to "put forth any evidence that his injuries had worsened or that he contracted Hepatitis-C." *Id*. Likewise, Plaintiff has failed to satisfy § 1997e(e)'s physical injury requirement and any request for compensatory damages is barred by 42 U.S.C. § 1997e(e).

It also appears that Plaintiff has failed to exhaust his administrative remedies prior to filing this action. An inmate is required by the Prison Litigation Reform Act to exhaust all available prison administrative remedies before filing a complaint in federal court. *See* 42 U.S.C. § 1997e(a); *see also Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (stating that under the PLRA "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court") (citations omitted). The Court found in the MOSC that Plaintiff has not asserted that he addressed grievances at the regional and national levels. Plaintiff alleges

that he submitted his claims in written form to the USPL Warden and the Warden failed to reply, "and thus the prison administrative remedy process failed to produce satisfactory resolution." (Doc. 1, at 4.) Plaintiff also asserts that he raised his concerns with the chaplains and psychologists at USPL. (Doc. 1, at 6.)

In his response, Plaintiff alleges that he has exhausted his administrative remedies because he sought informal resolution, followed by attempts to formally grieve at the institutional level in December 2021. (Doc. 8, at 7.) Plaintiff claims that he attempted to obtain administrative remedy forms and finally submitted his written claims to the USPL Warden on December 30, 2021. *Id.* at 8.[6] Plaintiff argues that he should not be penalized because his grievances were blocked at the regional and national levels and therefore unavailable. *Id.* at 15. Plaintiff states that "[f]ormal grievances were never addressed at the regional and national levels because the Plaintiff's grievance was not addressed at the institutional level . . . ." *Id.* at 7. Plaintiff states that "[r]efusal by prison officials to address formal grievance at the institutional level, effectively barred and made unavailable formal grievance at the regional and national level." *Id.* at 8. Plaintiff cites no legal support for this conclusion. In fact, the regulations provide that "[i]f the inmate does not receive a response within the time allotted for reply . . . the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

In his response, Plaintiff asserts that if the Court dismisses this action, he is requesting that the Court refer this matter for criminal investigation against Defendants. (Doc. 8, at 17–18.) This Court cannot order criminal charges. *See Presley v. Presley*, 102 F. App'x 636, 636–37 (10th Cir. 2004) (holding that any federal court order for "investigation or prosecution of various people for

---

[6] Plaintiff also alleges that he did not feel comfortable reporting Prison Rape Elimination Act ("PREA") violations until he was transferred from USPL. Because those claims are not before the Court, the Court will not address Plaintiff's arguments in the response regarding allegations of sexual harassment. *See* Doc. 8, at 9–15.

various crimes" would "improperly intrude upon the separation of powers"); *Barker v. Delaware Cty.*, 2012 WL 5429549, at *6 (N.D. Ok. 2012) (rejecting plaintiff's request for a criminal investigation and stating that "[t]he initiation of a criminal investigation by state or federal officials is a discretionary act, and the federal courts do not have the power to order the undertaking of discretionary acts") (citation omitted); *Braccio v. Arkoosh*, 2022 WL 1694470, at *8 (E.D. Pa. 2022) ("Plainly, the Court has no authority to remove Defendants from office or to order a criminal investigation under section 1983."); *Green v. Revel*, 2010 WL 597827, at *2 (N.D. Tex. 2010) ("Neither a criminal investigation nor a criminal prosecution is a relief available through a civil action . . . [t]here is no constitutional right to have a person criminally prosecuted." (citations omitted).

Plaintiff's response fails to show good cause why his claims should not be dismissed for the reasons set forth in the Court's MOSC.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

Dated May 12, 2023, in Kansas City, Kansas.

                                       **S/  John W. Lungstrum**
                                       **JOHN W. LUNGSTRUM**
                                       **UNITED STATES DISTRICT JUDGE**